UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VENETIAN ISLE, INC.,

    Plaintiff,

v.

                                  Case No:  2:24-cv-01036-JLB-KCD

ASSURED PARTNERS OF FLORIDA,
LLC, DOUGLAS SHIPP,

    Defendants.
_____/

## ORDER

This is a dispute between Plaintiff Venetian Isle, Inc. ("Venetian Isle") and Defendants Assured Partners of Florida, LLC ("Assured Partners") and Douglas Shipp. Plaintiff's Complaint alleges that Assured Partners and Shipp, acting as Assured Partner's agent, were negligent in failing to obtain the requested excess flood insurance policy for Plaintiff. (Doc. 9). Defendants move to dismiss the Complaint for failure to state a claim or, alternatively, for a more definite statement. (Doc. 25). After careful review of the Complaint, the parties' briefing, and the entire record, the Court finds that Plaintiff's Complaint is due to be dismissed with prejudice. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff insured its residential condominium buildings through Defendants Assured Partners and Shipp, an agent of Assured Partners. (Doc. 9 at ¶¶ 4–6). Defendants are "brokers of policies for the National Flood Insurance Program" ("NFIP"), which is governed by the National Flood Insurance Agency ("NFIA") and funded by the federal government. (Doc. 25 at 2–3). Defendants obtained Standard Flood Insurance Policies ("SFIPs") for Plaintiff's buildings through the NFIP. (Doc. 9 at ¶ 12; Doc. 25 at 2). Given the number of units in each building, the policies limited coverage to $4,000,000 per building. (Doc. 9 at ¶ 14). Plaintiff argues that Defendants represented that there was "no per unit cap on recovery [for] claims made under the NFIP policy" and "the NFIP policy would pay for the loss up to the per building policy limit of $4,000,000, regardless of the number of units affected." (Doc. 9 at ¶ 20). Because of this limitation, Plaintiff requested that Defendants obtain an excess flood insurance policy for each building to cover an additional $2,949,000 in losses with no per unit limitation. (Doc. 9 at ¶¶ 15, 21, 23).

Plaintiff sued in state court, alleging that the Defendants were negligent in "failing to procure the requested and intended coverage for the Insured Property" and it "suffer[ed] damages as a result . . . ." (Doc. 9 at ¶¶ 35–36, 45–46). Defendants removed the action to this Court under federal question jurisdiction because the "claims arise under the National Flood Insurance Act . . . ." (Doc. 1 at ¶ 3) (citing 28 U.S.C. § 1331). Plaintiff refiled its Complaint with this Court. (Doc. 9). Defendants moved to dismiss. (Doc. 25). Plaintiff responded. (Doc. 35).

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

## DISCUSSION

Defendants move to dismiss on the grounds that NFIP regulations preempt Plaintiff's negligence claims and, even if the claims are not preempted, Plaintiff has not sufficiently alleged the elements of negligent failure to procure or negligent misrepresentation. Alternatively, Defendants move for a more definite statement as to the claims against them. Because the Court agrees that Plaintiff's negligence claims are not properly before this Court, the Court does not address Defendants' other arguments.

"A claim under state law is expressly preempted 'when Congress has manifested its intent to preempt state law explicitly in the language of the statute.'" *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007)

3

(quoting *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004)). SFIPs are issued under the National Flood Insurance Act of 1968, which authorized the Federal Emergency Management Agency ("FEMA") to establish the NFIP. *See Jones v. Wright Nat'l Flood Ins. Co.*, No. 618CV1489ORL41DCI, 2019 WL 957729, at *2 (M.D. Fla. Feb. 6, 2019), report and recommendation adopted, No. 618CV1489ORL41DCI, 2019 WL 952308 (M.D. Fla. Feb. 27, 2019); 42 U.S.C. § 4011(a). Through the Write-Your-Own Program ("WYO Program"), FEMA allows private insurers "to issue and administer SFIPs under the NFIP to assist FEMA in its statutory duty to administer the NFIP." *Jones*, 2019 WL 957729, at *2 (citing 42 U.S.C. § 4081(a)).

The plain language of the SFIP issued to Plaintiff, "which is embodied in a federal regulation, reflects a clear intent to preempt claims under state law." *Shuford*, 508 F.3d at 1344. The language reads:

> **XI.   WHAT LAW GOVERNS**
> This policy and all disputes arising from the insurer's policy issuance, policy administration, or the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

(Doc. 25-1 at 33)[1]; 44 C.F.R. § Pt. 61, App. A (3). Therefore, federal law governs SFIP disputes. Additionally, "[t]he language of the [National Flood Insurance Act]

---

[1] Under the "incorporation by reference" doctrine, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Thus, the Court may consider the SFIP attached to the Motion to Dismiss because Plaintiff does not dispute the document, and the policy is central to its claims.

4

indicates that this Court may only review those cases that involve disputes in coverage, or breach of contract causes of action deriving from a denial of insurance claims." *Jones*, 2019 WL 957729, at *3 (quoting *Stapleton v. State Farm Fire & Cas. Co.*, 11 F. Supp. 2d 1344, 1346 (M.D. Fla. 1998)). Accordingly, Plaintiff's state law negligence claims are preempted by federal law and must be dismissed. *See id.* (dismissing the plaintiff's state law negligent misrepresentation claim brought under the NFIP); *Stapleton*, 11 F. Supp. 2d at 1346–47 (dismissing with prejudice the plaintiff's claims because "state law causes of action are not mentioned within the statutory framework of the [National Flood Insurance Act]"); *Roth v. Wright Nat'l Flood Ins. Co.*, No. CV 18-21653-CIV, 2018 WL 8334079, at *4 (S.D. Fla. June 22, 2018) ("Because [plaintiff] cannot bring a state-law action regarding existing NFIP policies, his complaint is dismissed with prejudice.").

Plaintiff does not rebut this argument. The Response acknowledges that the "Complaint alleges only state-law tort claims." (Doc. 35 at 4). Instead, Plaintiff argues that the issue is not with the NFIP policies but with the excess flood policy, which "did not provide the coverage Plaintiff[] intended, leaving [it] with significant uninsured losses. (Doc. 35 at 5). Even so, neither party argues that this Court has federal jurisdiction over the state law negligence claims arising from a dispute about excess flood coverage. (*See generally* Doc. 9; Doc. 25). In fact, Defendants removed this action from state court because "Plaintiff's claims arise under the National Flood Insurance Act." (Doc. 1 at ¶ 3). And neither party argues that there is diversity jurisdiction. Indeed, the Complaint alleges "damages in excess of fifty thousand

5

dollars" and Venetian Isles and both Defendants are established and reside only in Florida. (*See* Doc. 9 at ¶¶ 1–6); 28 U.S. Code § 1332 (giving district courts original jurisdiction over actions "where the matter in controversy exceeds . . . $75,000" and there is complete diversity between the parties). Thus, even if Plaintiff's Complaint deals only with the excess coverage separate from the NFIP, this Court lacks subject matter jurisdiction over the claims. *Caycho v. Am. Sec. Ins. Co.*, 668 F. Supp. 3d 1251, 1254 (M.D. Fla. 2023) ("'Federal courts have an obligation to examine sua sponte their own jurisdiction over a case, notwithstanding the contentions of the parties' because 'subject-matter jurisdiction underlies a court's power to hear a case.'") (quoting *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020)).

## CONCLUSION

Because this Court cannot review state law claims arising from the NFIP and otherwise lacks subject matter jurisdiction, leave to amend would be futile. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage. In other words, the question is whether the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.") (quotations omitted).

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 25) is **GRANTED**.
2. The Complaint (Doc. 9) is **DISMISSED with prejudice**.

3. This case is **DISMISSED with prejudice**, and the Clerk is **DIRECTED** to enter judgment accordingly, terminate all deadlines, and close the case.

**ORDERED** in Fort Myers, Florida, on April 4, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE